# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **RCI CONTRACTORS & ENGINEERS, INC.,** | ) ) ) Case No. 1:09CV00054 |
| Plaintiff, | ) ) |
| | ) **OPINION** |
| v. | ) ) |
| | ) By: James P. Jones |
| **JOE RAINERO TILE COMPANY, INC., ET AL.,** | ) Chief United States District Judge ) ) |
| Defendants. | ) |

*A. Benton Chafin, Jr., Chafin Law Firm, Lebanon, Virginia, and Timothy R. Wadsworth, Tim R. Wadsworth Law Offices, Sulligent, Alabama, for Plaintiff; Howard C. McElroy, McElroy, Hodges & Caldwell, Abingdon, Virginia, for Defendant Kaiser Industries, Ltd.*

In this civil diversity case, one of the defendants, Kaiser Industries, Ltd., moved to dismiss for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2). Following argument on the motion, I found that the court did not have such jurisdiction and granted the motion. This opinion more fully sets forth the court's reasoning.

I

The facts are not in dispute. The plaintiff, RCI Contractors & Engineers, Inc. ("RCI"), seeks damages from defendants Joe Rainero Tile Company, Inc.,

("Rainero") Kaiser Industries, Ltd. ("Kaiser Industries"), and Kaiser Building Products, Ltd ("Kaiser Products"). Subject matter jurisdiction is based on diversity of citizenship and amount in controversy. *See* 28 U.S.C.A. § 1332(a) (West 2006).

RCI, an Alabama-based contractor, was hired to install tile floors in jail kitchens in Abingdon, Duffield, and Haysi, Virginia, located in this judicial district. The defendant Rainero, a subcontractor hired by RCI, prepared, installed, and grouted the tile at the three jails.

The defendant Kaiser Products, a Texas-based firm, manufactured EpoxyPro grout, which Rainero purchased and used for the jail floors. Kaiser Products is a limited partnership. The defendant Kaiser Industries, also a Texas-based partnership, has a 99.9% ownership stake in Kaiser Products, although it is not the general partner.

Kaiser Industries does not have any employees, registered agent, or any other agents in Virginia, nor does it have an office or any other facility here. It did not manufacture, advertise or distribute the product complained of in this case.

The plaintiff RCI claims that the tile floors are defective because they have stained under use, contrary to representations made by Kiser Products, the manufacturer of EpoxyPro. Alternatively, RCI claims that the subcontractor, Rainero, improperly installed the floors.

Kaiser Industries moved to dismiss the Complaint under Rule 12(b)(2) for lack of personal jurisdiction, while Kaiser Products, represented by the same counsel, does not contest personal jurisdiction.

II

The plaintiff argues that jurisdiction over Kaiser Industries is proper in this case solely because it is a partner in the Kaiser Products partnership that has subjected itself to personal jurisdiction in Virginia. Since a partner is generally liable for partnership debts, it is contended that Kiser Industries is likewise subject to personal jurisdiction.[1] I find this argument to be without merit.[2]

Under the Supreme Court's holding in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), if a defendant is not present in the forum's territory, due process

---

[1] While Kaiser Products is alleged to be a limited partnership and Kaiser Industries is alleged to be a limited partner, the plaintiff asserts that Kaiser Products's registration in Texas has been cancelled. I will thus accept only for the purposes of this motion that Kaiser Industries does not have any of the limited liability protections afforded limited partners.

[2] "When a court's personal jurisdiction is properly challenged by a Rule 12(b)(2) motion, the jurisdictional question thus raised is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). However, as in the present case, where the court decides the issue without an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdiction. *Id.* Accordingly, I have considered all reasonable inferences from the jurisdictional facts in favor of the plaintiff. *See Carefirst of Md. Inc. v. Carefirst Pregnancy Ctrs., Inc.,* 334 F.3d 390, 396 (4th Cir. 2003).

requires the defendant have sufficient minimum contacts with the jurisdiction such that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* at 316 (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). A defendant's contacts with, and conduct within, the forum State must be such that the defendant "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

The Fourth Circuit adheres to a three-prong test for specific personal jurisdiction inquiry, requiring a court to consider: "(1) the extent to which the defendant 'purposefully availed' itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002).

In a case where defendants have a relationship with one another, a court must evaluate the individual acts of each defendant, not the acts of other, related defendants, when considering whether personal jurisdiction exists. In *Rush v. Savchuk*, 444 U.S. 320 (1980), a Minnesota plaintiff sued an Indiana driver in a Minnesota court for a tort that occurred in Indiana. *Id.* at 322-24. The plaintiff alleged Minnesota had quasi in rem jurisdiction over the defendant because the

defendant's insurance company, which was defending him in the lawsuit, had sufficient contacts to the forum. *Id.* at 325. The Supreme Court disagreed. The Court held that jurisdictional reach over a defendant could not be based solely on the forum contacts of another related party. *Id.* at 332. The Court noted that the "parties' relationships with each other may be significant in evaluating their ties to the forum," but that an exercise of personal jurisdiction under *International Shoe* required an examination of each defendant's individual contacts with the forum. *Id.*

Although *Rush* did not involve a partnership, several courts have applied its jurisdictional principles to cases where a plaintiff seeks to sue an out-of-state partnership and its individual partners.

If a court has personal jurisdiction over a partnership, an exercise of personal jurisdiction over individual partners depends on a partner's contacts with the forum and the forum's laws dictating the agency relationship among partners. For example, in *Sher v. Johnson*, 911 F.2d 1357, 1366 (9th Cir. 1990), the court held that there was personal jurisdiction over a partnership, but no such jurisdiction over the partnership's individual partners. The court determined that based on *Rush*, an evaluation of each partner's contacts with the state showed that they had not availed themselves of the forum's protections. *Id.* at 1365. The court noted that although California law permitted a partner's actions to be imputed to the partnership, the

reverse was not true. *Id.* at 1366; *see also SBKC Serv. Corp. v 1111 Prospect Partners, L.P.*, 969 F. Supp. 1254, 1259 (D. Kan. 1997) (holding that personal jurisdiction over partner did not follow from jurisdiction over partnership, citing *Sher*); *Guy v. Layman*, 932 F. Supp. 180, 183 (E.D. Ky. 1996) (same).

Some district courts have distinguished the Ninth Circuit's holding. For example, in *Felicia, Ltd. v. Gulf American Barge, Ltd.*, 555 F. Supp. 801, 805-06 (N.D. Ill. 1983), the district court held that it had personal jurisdiction over individual partners when it had such jurisdiction over the partnership. *See also Jackson Nat'l Life Ins. Co. v. Greycliff Partners, Ltd.*, 2 F. Supp. 2d 1164, 1167 (E.D. Wis. 1998); *Brown v. 1995 Tenet ParaAmerica Bicycle Challenge*, 931 F. Supp. 592, 594 (N.D. Ill. 1996); *Wolfson v. S & S Sec.*, 756 F. Supp. 374, 377 (N.D. Ill. 1991).

I find *Sher* more persuasive, particularly in light of the law of this forum. Under the Virginia Uniform Partnership Act, even though all partners are liable for the obligations of the partnership, Va. Code Ann. § 50-73.96 (2009), a partnership is an entity distinct from its partners, Va. Code Ann. § 50-73.87 (2009). A partner is an agent of the partnership for the purpose of its business, Va. Code Ann. § 50-73.91(1) (2009), but there is no authority that the partnership is the corresponding agent of the partner.

Under Virginia's long-arm statute, Va. Code Ann. § 8.01-328.1(A) (Supp. 2009), on which the plaintiff relies in this case, jurisdiction may be exercised over a person "who acts directly or by an agent." Kaiser Industries did not act directly in this case in connection with the allegedly defective product and the law and the facts in this case do not make Kaiser Products the agent of Kaiser Industries.[3]

III

For these reasons, I find that Kaiser Industries is not subject to the personal jurisdiction of this court.[4]

DATED: October 28, 2009

/s/ JAMES P. JONES
Chief United States District Judge

---

[3] In *Intercontinental Leasing, Inc. v. Anderson*, 410 F.2d 303, 305 (10th Cir. 1969), the Kansas long-arm statute applied if a defendant acted either in person or though an agent "or instrumentality." The court held that under the facts of that case, the out-of-state partners had used the partnership as an "instrumentality" to conduct their business activities in the state and were thus subject to being sued there. The Virginia long-arm statute has no similar "instrumentality" language.

[4] In addition to opposing the motion, RCI moved to conduct limited jurisdictional discovery as to Kaiser Industries. However, in light of the uncontested facts, I see no reason to subject Kaiser Industries to such discovery.