# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **RCI CONTRACTORS & ENGINEERS, INC.,** ) ) ) | Case No. 1:09CV00054 |
| Plaintiff, ) ) | **OPINION AND ORDER** |
| v. ) ) | By: James P. Jones |
| **JOE RAINERO TILE COMPANY, INC., ET AL.,** ) ) ) | Chief United States District Judge |
| Defendants. ) | |

*A. Benton Chafin, Jr., Chafin Law Firm, Lebanon, Virginia, and Timothy R. Wadsworth, Tim R. Wadsworth Law Offices, Sulligent, Alabama, for Plaintiff; Howard C. McElroy, McElroy, Hodges & Caldwell, Abingdon, Virginia, for Defendant Kaiser Building Products, Ltd.*

In this products liability action arising under Virginia law, the principal issue is whether a claim for breach of implied warranty is barred by the U.C.C.'s four-year statute of limitations. Because I find that the period of limitations was tolled during the pendency of a lawsuit filed in state court, I hold that the action is not barred.

I

The plaintiff, RCI Contractors & Engineers, Inc. ("RCI"), was a subcontractor in the construction of three jails in this judicial district. RCI, in turn, contracted with Joe Rainero Tile Company, Inc. ("Rainero") to install tile and grout for the kitchen

floors in the jails.[1]  The parties agreed that Rainero would use a certain grout called "EpoxyPro," distributed by the defendant Kaiser Building Products, Ltd. ("Kaiser").  RCI alleges that EpoxyPro was specified, in part, because Kaiser advertised that the grout did not stain, could be cleaned with water, and was "perfect" for high-traffic areas such as restaurants or manufacturing plants.  (Am. Compl. ¶ 14.)

RCI claims that it soon learned that EpoxyPro was not perfect.  According to RCI, the EpoxyPro stained easily and once discolored, could not be cleaned.  RCI hired an independent laboratory to test the grout.  The tests revealed that Rainero may have improperly mixed and applied the grout, but even when mixed correctly, EpoxyPro would stain and discolor.

RCI first sued Kaiser in Alabama, RCI's home state.  In its state court complaint, RCI asserted claims for breach of contract, breach of warranty, false advertising, and fraud arising from the use of EpoxyPro in the three jails.  Kaiser moved to dismiss the action for improper venue, among other things.  RCI then consented to a dismissal without prejudice.

While Kaiser's motion to dismiss was still pending before the Alabama court, RCI sued Rainero and Kaiser in this court over the use of EpoxyPro on the jail floors.

---

[1] Rainero is also a defendant in this action, but RCI and Rainero have announced they have settled.  While Rainero filed a Motion to Dismiss, it is not necessary for me to resolve it, in light of the settlement.

After initially granting motions to dismiss, I allowed RCI to file an Amended Complaint.[2]

In its Amended Complaint, RCI asserts that it was a third-party beneficiary to the contract between Kaiser and Rainero. RCI also alleges that Kaiser breached implied and express warranties in its sale of EpoxyPro, committed fraud, and violated federal and state laws by false advertising.

Kaiser has now moved to dismiss the breach of contract claim, arguing that the Amended Complaint fails to show that RCI was an intended third-party beneficiary to the purchase of EpoxyPro by Rainero from Kaiser. Kaiser has also moved for summary judgment as to RCI's claims for breach of contract, breach of implied warranty, fraud, and false advertising. In its response, RCI has consented to summary judgment on the fraud and false advertising claims.

Kaiser's motions have been briefed and are ripe for decision.

---

[2] I also dismissed a company affiliated with Kaiser for lack of personal jurisdiction. *RCI Contractors & Eng'rs, Inc. v. Joe Rainero Tile Co.*, No. 1:09CV00054, 2009 WL 3451105 (W.D. Va. Oct. 28, 2009).

II

Kaiser asserts that the Amended Complaint fails to adequately state a claim based on RCI's standing as a third-party beneficiary to the contract between RCI and Rainero. I agree.

A complaint filed in federal court is governed by Rule 8 of the Federal Rules of Civil Procedure, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), however, a complaint must state a "plausible" claim, which means the pleading must contain enough facts to permit a court to draw a "reasonable inference that the defendant is liable for the misconduct alleged." 129 S. Ct. at 1949.

The parties agree that Virginia substantive law applies in this case. In Virginia, a third party may sue under a contract if it demonstrates that the parties to the contract entered into the bargain with the "clear and definite" intent to confer a benefit upon the third party. Va. Code Ann. § 55-22 (2007); *Valley Landscape Co. v. Rolland*, 237 S.E.2d 120, 122 (Va. 1977); *see also Caudill v. County of Dinwiddie*, 529 S.E.2d 313, 317 (Va. 2000). If a party derives only an incidental benefit from a contract it cannot sue as a third-party beneficiary. *Valley Landscape Co.,* 237 S.E.2d at 122. Thus, under *Iqbal's* pleading requirements, RCI's Amended Complaint must allow for the reasonable inference that Rainero and Kaiser contracted with the intent to confer a

benefit upon RCI. *Iqbal*, 129 S. Ct. at 1949–50; *Valley Landscape Co.,* 237 S.E.2d at 122.

The Amended Complaint fails to state a third-party beneficiary claim because it lacks any facts that create a plausible inference that Rainero and Kaiser specifically contracted to bestow a benefit upon RCI.

RCI contends that it is "intertwined" with Rainero in "contract and dealings," and therefore RCI is "intertwined in the contract with Kaiser." (Pl.'s Resp. ¶ 7.) This theory fails because it does not demonstrate that provisions of the Kaiser–Rainero contract were inserted "directly or primarily" for RCI's benefit. *Valley Landscape Co.*, 237 S.E.2d at 123–24. At best, the Amended Complaint's factual allegations allow for the reasonable conclusion that RCI derived an incidental benefit from the contract between Kaiser and Rainero.

III

Kaiser has moved for summary judgment as to RCI's claim set forth in Count IV of the Amended Complaint for breach of implied warranty.[3] Kaiser argues that

---

[3] RCI also sued Kaiser for breach of express warranty. Kaiser has not sought summary judgment on that claim.

summary judgment is appropriate because RCI's claim is barred by the applicable statute of limitations.

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgement is appropriate when no genuine issues as to any material fact exists. Fed. R. Civ. P. 56. In determining whether the movant has shown that there are no genuine issues of material fact, I must assess all inferences drawn from the factual evidence in the light most favorable to the non-moving party. *Cont'l Airlines, Inc. v. United Airlines, Inc.*, 277 F.3d 499, 508 (4th Cir. 2002).

The statute of limitations for actions involving the sale of goods applies to this case. Under the Uniform Commercial Code, suit must be commenced "within four years after the cause of action accrues." Va. Code Ann. § 8.2-725(1) (2001). A breach of warranty claim accrues when goods are delivered, regardless of whether the plaintiff knows of the breach. *Id.* at § 8.2-725(2) (2001).

RCI's cause of action thus accrued when the EpoxyPro was delivered, which occurred, at the latest, in March of 2005, when the last jail floor was completed. The present action was filed on June 30, 2009, more than four years following that date. Nevertheless, RCI contends that the suit was timely, because the statute of limitations was tolled during the pendency of the Alabama suit.

While the U.C.C. imposes the limitation period for actions involving sales of goods, the general Virginia law of tolling otherwise applies to such actions. *Id. at §* 8.2-725(4) (2001). Under such law, a period of limitations is tolled during the time an action is pending when that action is dismissed without determining the merits. *Id.* at § 8.01-229(E)(1) (2007). RCI's Alabama action was filed on January 12, 2009, clearly within the period of limitations. Before that case was dismissed on July 14, 2009, RCI filed the present suit in this court.

Kaiser argues that the tolling benefit of section 8.01-229(E)(1) does not apply for two reasons. First, Kaiser argues that RCI's Alabama lawsuit did not embody the same cause of action as this case, and thus did not toll the period of limitations. Kaiser asserts that RCI's Alabama complaint contained only a breach of express warranty claim and the claim which Kaiser seeks to bar is for a different cause of action—breach of implied warranty.

Kaiser's narrow interpretation of section 8.01-229(E)(1) is contrary to the remedial purpose of the tolling statute, which should be "liberally construed." *Woodson v. Commonwealth Utils., Inc.*, 161 S.E.2d 669, 670 (Va. 1968). Under Virginia law, a cause of action is broadly construed as a set of "operative facts which, under the substantive law," gives rise to a right of action. *Roller v. Basic Constr. Co.*, 384 S.E.2d 323, 326 (Va. 1989). RCI's Alabama lawsuit claimed, as in this action,

that the EpoxyPro used in the jails caused staining and discoloration, and because of this, RCI suffered damages. While the Alabama complaint did not expressly use the words "implied warranty," the substance of the actions is the same, with the same operative facts and seeking the same relief against the same party. *See Rivers v. Woodfield*, No. 90-21-N, 1990 WL 303324, at *3-4 (E.D. Va. June 7, 1990) (applying 8.01-229(E)(1) where the "essence" of the two actions was the same).

Kaiser also argues that tolling should not apply because RCI's Alabama lawsuit was not dismissed until after the present action was filed in this court, relying on *Payne v. Brake*, 337 F. Supp. 2d 800, 802-03 (W.D. Va. 2004). That case is inapplicable, however, because it construed a different tolling provision—that allowing an action to be "recommenced" within six months following a voluntarily nonsuit. Va. Code Ann. § 8.01-229(E)(3) (2007). Section 8.01-229(E)(1)—the tolling provision applicable here—contains no language restricting its scope to actions filed after a dismissal. Particularly in light of the remedial nature of tolling, I will not read any such restriction into the statute.

RCI's breach of implied warranty claim is within the statute of limitations because RCI filed a timely suit in Alabama, and the tolling provision of section 8.01-229(E)(1) preserved the cause of action.[4]

IV

For the reasons stated herein, it is **ORDERED** as follows:

1. Kaiser's Motion to Dismiss (#44) is GRANTED and Count III of the Amended Complaint is dismissed for failure to state a claim upon which relief can be granted; and

2. Kaiser's Motion for Partial Summary Judgment (#52) is GRANTED in part and DENIED in part. It is GRANTED as to Counts V and VI of the Amended Complaint and DENIED as to Count IV of the Amended Complaint.

ENTER: January 11, 2010

/s/ JAMES P. JONES
Chief United States District Judge

---

[4] For this reason, it is not necessary for me to decide alternative arguments made by RCI as to why its claim is not barred by the statute of limitations, including its assertion that the cause of action did not accrue until additional tiles were installed later.